IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


UNITED STATES OF AMERICA     )
 )
 )
v.     ) No. 16 C 6335
 )
 )
DAVID L. NEWTON     )
 )


## MEMORANDUM OPINION AND ORDER

Plaintiff David Newton ("Newton") has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons below, I deny the motion.[1]

I.

On June 24, 2009, Newton pleaded guilty to two counts of bank robbery under 18 U.S.C. § 2113(a), and one count of using a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c)(1)(A)(iii). On September 29, 2009, I sentenced Newton to 100 months' imprisonment on each of the bank robbery counts (to

---

[1] The government concedes that Newton's motion is timely since it was filed within one year of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See, e.g.*, *Stanley v. United States*, 827 F.3d 562, 564 (7th Cir. 2016) (explaining that because *Johnson* was held to apply retroactively in *Welch v. United States*, 136 S. Ct. 1257 (2016), defendants whose cases were final prior to *Johnson* have a fresh one-year window from the date of the decision to seek relief under § 2255).

run concurrently), and a 120-month sentence on the

924(c)(1)(A)(iii) count (to run consecutively with the sentences

on the bank robbery counts).

Newton presents a two-pronged attack on his sentence for

using a firearm in furtherance of a crime of violence. First, he

argues that the statute's definition of "crime of violence" is

unconstitutionally vague. The relevant provision is as follows:

> (3) For purposes of this subsection the term "crime of
> violence" means an offense that is a felony and --
>    (A) has as an element the use, attempted use, or
>    threatened use of physical force against the person
>    or property of another, or
>    (B) that by its nature, involves a substantial risk
>    that physical force against the person or property
>    of another may be used in the course of committing
>    the offense.

18 U.S.C. § 924(c)(3)(A)-(B).

Newton argues that § 924(c)(3)(B) -- the statute's so-

called "residual clause" -- is unconstitutionally vague in light

of *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held

that the similarly-worded provision of the Armed Career Criminal

Act, 18 U.S.C. § 924(e)(2)(B), was void for vagueness. Newton is

correct. Indeed, shortly before the briefing on the instant

motion began, the Seventh Circuit expressly held that §

924(c)(3)(B) is unconstitutionally vague. *See United States v.*

*Cardena*, 842 F.3d 959, 996 (7th Cir. 2016) ("[W]e hold that the

residual clause in 18 U.S.C. § 924(c)(3)(B) is ...

unconstitutionally vague."); *see also United States v. Anglin*,

846 F.3d 954, 964 (7th Cir. 2017).

This does not entitle Newton to relief, however, so long as

the requirements of § 924(c)(3)(A) -- the statute's so-called

"elements" or "force" clause -- are satisfied. Hence, Newton's

second argument is that federal bank robbery -- the predicate

offense forming the basis for his § 924(c)(1)(A)(iii) charge --

is not a "crime of violence" under the elements clause. This

argument is foreclosed by *United States v. Armour*, 840 F.3d 904

(7th Cir. 2016). There, the defendant argued that federal bank

robbery was not a crime of violence under § 924(c)(3)(A) because

the offense could be committed by "force and violence, or by

intimidation." 18 U.S.C. § 2113(a). The defendant argued that

bank robbery committed solely by intimidation did not constitute

a crime of violence. The Seventh Circuit rejected this

contention, squarely holding that federal bank robbery has "as

an element the use, attempted use, or threatened use of physical

force against the person or property of another and thus

qualif[ies] as [a] crime[] of violence under § 924(c)." *Id*. at

909; *see also Clark v. United States*, No. 16-2296, 2017 WL

690754, at *2 (7th Cir. Feb. 21, 2017).

Newton argues that *Armour* "is inapt and not therefore

binding." Pet'r's Reply Br. at 6. The gist of his arguments on

this point, which he raises only in his reply brief, is

difficult to discern. He appears to maintain that *Armour* was

somehow mistaken in using the so-called "categorical approach"

in determining whether bank robbery is a crime of violence under

the elements clause. However, the precise nature of the alleged

error is unclear. His main complaint appears to be that the

court's opinion did not sufficiently explain its basis for using

the categorical approach.

On the other hand, Newton argues, somewhat contradictorily,

that *Armour* is unsound because it failed to address the question

of whether the bank robbery statute is divisible -- i.e.,

whether it contains separate clauses constituting distinct

offenses -- in which case the court should have used the

"modified categorical approach." Newton seems to believe that

*Armour* incorrectly assumed that, based on the fact that the

offense can be committed by "force and violence, or by

intimidation," the bank robbery statute is divisible. Again,

Newton fails to point to anything in the opinion suggesting that

the court believed the statute to be divisible. Indeed, Newton's

contention is belied by the court's use of the categorical

approach, which applies to statutes that are not divisible.[2]

---

[2] The Seventh Circuit has also made clear that insofar as a §
2255 motion is based on the elements clause rather than the
residual clause, it is not premised on *Johnson* and thus does not
trigger a new one-year limitations period within which to file a
§ 2255 challenge. *See, e.g.*, *Stanley v. United States*, 827 F.3d
562, 565 (7th Cir. 2016). Although Newton suggests that his

At all events, even if Newton's arguments had merit (and I

do not believe they do), *Armour* would still be binding

precedent. *See, e.g.*, *Union Carbide Corp. v. Graver Tank & Mfg.*

*Co.*, 345 F.2d 409, 411 (7th Cir. 1965). His § 2255 motion must

therefore be denied.

II.

For the foregoing reasons, Newton's motion for relief under

§ 2255 is denied. Further, because I find that Newton has not

made a substantial showing of a denial of a constitutional

right, I decline to issue a certificate of appealability.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: April 28, 2017

---

argument concerning the elements clause is based on *Johnson*,
*Johnson*'s actual relevance to his argument is dubious. Thus,
insofar as his argument vis-à-vis the elements clause is
concerned, Newton's motion may be untimely. Given the obscurity
of his arguments on this point, however, I do not dispose of his
motion on this basis.